Mr. Howard "Bear" Chandler Executive Director Arkansas State Crime Laboratory #3 Natural Resources Drive Post Office Box 5274 Little Rock, Arkansas 72215
Dear Mr. Chandler:
This is in response to your request for an opinion concerning the citizenship requirement for the State Medical Examiner and his associates found in A.C.A. 12-12-307. Specifically you have asked whether the U.S. citizenship requirement is valid in light of the United States Supreme Court decision in In Re Griffiths, 413 U.S. 717
(1973).
For the following reasons, the answer to your question is most likely yes.
Although in Griffiths the U.S. Supreme Court applied "strict scrutiny" equal protection analysis in holding a citizenship requirement for admission to the Connecticut bar invalid, the decision in Griffiths, albeit enlightening on the subject of equal protection as it applies to resident aliens, does not control the question you have raised. An exception to the "strict scrutiny" standard of review for alienage cases has developed for the reason that:
 It would be inappropriate, . . . to require every statutory exclusion of aliens to clear the high hurdle of strict scrutiny because to do so would obliterate all the distinctions between citizens and aliens, and thus depreciate the historic values of citizenship. [citation omitted].
Foley v. Connelie, 435 U.S. 291, 295 (1978).
The exception, if applicable, provides that "[t]he State need only justify its classification by a showing of some rational relationship between the interest sought to be protected and the limiting classification." Foley, supra. Generally, the exception is application to:
 . . . persons holding state elective or important nonelective, legislative, and judicial positions, for officers who participate directly in the formulation, execution or review of broad public policy perform functions that go to the heart of representative government.
Sugarman v. Dougall, 413 U.S. 634, 646 (1973).
Persons and occupations to which the exception has not been employed, and "strict scrutiny" analysis required, include In Re Griffiths, supra, (lawyers); Sugarman, supra, (civil service employees); and Bernal v. Fainter, 467 U.S. 216 (1984), (notaries public). Because these occupations are held to be lacking the requisite degree of important policy making authority, a citizenship requirement is not necessary to achieve a compelling state interest, and as such will be struck down.
Conversely, the occupations of state troopers, Foley, supra; public school teachers, Ambach v. Norwick, 441 U.S. 68, (1979); and probation officers, Cabell v. Chavez-Salido, 454 U.S. 432
(1982), are held to involve sufficient policy making discretion or public influence for the state to legitimately require United States citizenship.
It appears that the position of State Medical Examiner, and the positions of associate medical examiners more nearly fall into the latter category. In addition to other duties provided by law, the State Medical Examiner and his associates may "teach in the medical school, conduct classes for law enforcement officers and officials, lecture, do research, and engage in such activities as shall be deemed appropriate. . . ." A.C.A. 12-12-307. It appears then that the chief and associate medical examiners would be classified and associate medical examiners would be classified by a court with the police officers and public school teachers as in Foley and Ambach, supra. This being the case, the state need only show that its citizenship requirement is rationally related to the interest it seeks to protect. This test is virtually always met. It is therefore my opinion that A.C.A. 12-12-307 will withstand constitutional scrutiny.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.